**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4740**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DERRICK DESHAWN LEE, a/k/a Derrick Deshaune Lee,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:14-cr-00196-WO-1)

Submitted: August 30, 2017             Decided: September 7, 2017

Before GREGORY, Chief Judge, and AGEE and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Sandra Hairston, Acting United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Deshawn Lee appeals the 96-month sentence imposed by the district court on remand for resentencing on his conviction for possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Lee argues that the district court erred in concluding that his prior convictions for North Carolina second-degree murder and attempted second-degree arson were crimes of violence and, therefore, that the district court erred in applying a base offense level of 24 under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2014). We affirm.

Because Lee objected to the district court's classification of his convictions as crimes of violence, we review the classifications de novo. *United States v. Carthorne*, 726 F.3d 503, 509 (4th Cir. 2013). The Sentencing Guidelines applicable to Lee provide that a crime of violence is:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a). The definition of crime of violence includes "attempting to commit such offenses." USSG § 4B1.2(a)(2) & cmt. n.1. We use the categorical approach to determine whether a prior state conviction constitutes a crime of violence under § 4B1.2(a). *United States v. Mack*, 855 F.3d 581, 585-86 (4th Cir. 2017). In applying the categorical approach, we examine "the statutory definition of the state crime . . . to determine whether the conduct criminalized by the statute, including the most innocent

conduct, qualifies as a crime of violence." *United States v. Perez-Perez*, 737 F.3d 950, 952 (4th Cir. 2013) (internal quotation marks omitted).

First, North Carolina second-degree murder is "the unlawful killing of a human being with malice but without premeditation and deliberation." *State v. Thibodeaux*, 532 S.E.2d 797, 806 (N.C. 2000). "Force," as used in § 4B1.2(a)(1) is "force capable of causing physical pain or injury to another person." *In re Irby*, 858 F.3d 231, 235 (4th Cir. 2017) (internal quotation marks omitted). "[U]nlawfully killing another human being requires the use of force capable of causing physical pain or injury to another person." *Id.* at 236 (internal quotation marks omitted). Because North Carolina second-degree murder requires the unlawful killing of a human being, we conclude that it is a crime of violence under § 4B1.2(a).

Next, Lee concedes that arson is an enumerated offense and that North Carolina second-degree arson falls within the generic definition of arson. Lee argues, however, that the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidated the residual clause in § 4B1.2(a)(2), and, therefore, that attempted enumerated crimes of violence are no longer necessarily crimes of violence. After Lee submitted his appellate brief, the Supreme Court held that its reasoning in *Johnson* did not invalidate the residual clause in § 4B1.2(a)(2). *Beckles v. United States*, 137 S. Ct. 886, 890, 895 (2017). We conclude that the Supreme Court's holding in *Beckles* renders this argument meritless.

Accordingly, we affirm the district court's amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*